PIKE COUNTY et al., Appellants,

v.

Mitchell PRESTON et al., Appellees.

Court of Appeals of Kentucky.

April 18, 1958.

———————◆———————

Kelsey E. Friend, Pikeville, for appellants.

Wine & Venters, Hinton & May, L. D. May, Pikeville, for appellees.

STANLEY, Commissioner.

We sustain the motion of Pike County for an appeal from a judgment for $630 in favor of the appellee, Mitchell Preston, dba Preston Building and Supply Company. The judgment also went against the National Surety Corporation. It appears that it has paid $315 of the judgment. It is not a party to the appeal.

The allegations in a multiple action by Preston and others against Harve T. Merriman, Pike County Fiscal Court, and other defendants are that the county had entered into a contract with Merriman for the construction of a health center building at a cost of $165,562, with the National Surety Corporation as surety on his bond; that shortly after the work was begun, Merriman defaulted and the surety company entered into a contract with Preston to take over and complete the job; and that the building was completed and the cost thereof fully paid. The pertinent part of Preston's complaint is that he and the Surety Corporation had agreed in writing that his bid was subject to a provision (evidenced by a letter written to the company when the bid was submitted) that Preston would be entitled to the benefit of the work which had been done by Merriman and should have "all materials and equipment that is on the job." These materials and equipment, worth $630, it is alleged, were in the custody of Merriman and the Surety Corporation and were never delivered to Preston. An amended complaint alleges that the material and labor were furnished and performed by the plaintiff at the request of Pike County and its authorized agents and that the county got the benefit thereof. Issue was joined and the case tried by the court.

The court did not file a statement of its finding of fact or conclusion of law as required by CR 52.01. There may be some evidence in the interrogatories that would tend to show that Pike County officials had agreed that Preston should have the material and equipment which he did not get. It:

is stipulated that the records of the fiscal court show only that the contract for the construction of the building was authorized and that payment had been made in full. We think it readily apparent that the complaint did not state a cause of action against the county.

The appellee does not undertake to defend the judgment and has expressly stated he would file no brief in the case.

The judgment is accordingly reversed with directions to dismiss the complaint as to Pike County.